UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STACEY CLOVER, JUSTIN CLOVER and ZACHARIAH KIMMEL<br><br>    Plaintiffs,<br><br>    v.<br><br>BRADLEY GRIFFITH, BRET GENTRY, CORTNEY GRIFFITH, JUDGE GOTT, BENNY VICK, RONALD COLBURN,<br><br>    Defendants. | Case No. 3:21-cv-01715-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff's motion for leave to proceed in forma pauperis (Doc. 3), dismissal of certain defendants, and the issue of service.

**I.    Motion for Leave to Proceed in Forma Pauperis**

A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file in forma pauperis or can dismiss a case if the action is clearly frivolous or malicious or fails to state a claim. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller*, 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When assessing a petition to proceed *in forma pauperis*, a district court should inquire into the merits of the plaintiff's claims, and if the court finds them to be frivolous, it should deny leave to proceed in forma pauperis. *Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982).

The Court is satisfied from Plaintiff Stacey Clover's affidavit that he is indigent. The Court further finds that the action is not clearly frivolous or malicious and does not fail to state a claim. Accordingly, the Court GRANTS the motion for leave to proceed in forma pauperis (Doc. 3).

The Court GRANTS Plaintiff Clover's motion for leave to proceed in forma pauperis (Doc. 3).

**II.     Dismissal of Certain Defendants**

Leave of court is required before a plaintiff can add new parties to a case. *Williams v. United States Postal Serv.*, 873 F.2d 1069, 1073 n. 2 (7th Cir. 1989*); Ed Miniat, Inc. v. Globe Life Ins. Group, Inc*., 805 F.2d 732, 736 (7th Cir. 1986); *LaBatt v. Twomey*, 513 F.2d 641, 651 n. 9 (7th Cir. 1975); *see* Fed. R. Civ. P. 21 (stating in pertinent part, "On motion or on its own, the court may at any time, on just terms, add or drop a party."). Plaintiffs Stacey Clover and Zachariah Kimmel were originally named as Plaintiffs in the original Complaint filed in December 2021. Plaintiffs now name Stacey Clover, Justin Clover, and Zachariah Kimmel. Plaintiffs did not request leave of court before adding new parties to this case.

On December 20, 2021, Plaintiffs filed a *pro se* Complaint against Defendants Bradley Griffith and Bret Gentry (Doc. 2). On February 23, 2022, Plaintiffs, upon request from the Court, filed their Amended Complaint against Bradley Griffith, Cortney Griffith, Judge Amanda Gott, Bret Gentry, Benny Vick, and Ronald Colburn (Doc. 13). Plaintiffs did not request leave of court before adding new parties to this case.

Plaintiffs make allegations that Judge Amanda Gott of Williamson County violated their civil rights related to conduct during court proceedings. However, judges are afforded absolute immunity for decisions made in their courtroom regarding cases. "The courts have recognized

that certain functions deserve absolute immunity. Among the functions so protected are 'truly judicial acts' performed by a judge within his lawful jurisdiction." *Wilson v. Kelkhoff*, 86 F.3d 1438, 1443 (7th Cir. 1996). When the Court is faced with a "frivolous or transparently defective" claim, it may *sua sponte* dismiss those claims to preserve the resources of the Court and the parties. *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). Thus, at this stage, the Court must dismiss Judge Amanda Gott and any allegations directed to her (Doc. 13, p. 2-3).

However, with the understanding that Plaintiffs are proceeding *pro se*, the Court will allow the other defendants and plaintiffs pursuant to Federal Rule of Civil Procedure 20(A) and (B). Additionally, "the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21.

The Court is not allowing any claim against Judge Gott, she has not been added pursuant to the Federal Rules, and the Court DIRECTS the Clerk to terminate her from this case.

### III. Service of Process

The Court **DIRECTS** the Clerk of Court to send the Plaintiffs a sufficient number of blank summons forms and USM-285 forms along with this order.

If the Plaintiffs wish the United States Marshals Service to serve process in this case, the Court DIRECTS the Plaintiffs to provide to the United States Marshals Service the summons issued in this case, the appropriately completed USM-285 forms and sufficient copies of the amended complaint for service.

The Court further DIRECTS the United States Marshal, upon receipt of the aforementioned documents from the Plaintiffs and pursuant to Federal Rule of Civil Procedure 4(c)(3), to serve a copy of summons, amended complaint (Doc. 13) and this order upon the defendants in any manner consistent with Federal Rule of Civil Procedure 4, as directed by the

plaintiff.  Costs of service shall be borne by the United States.

## IV. Conclusion

The Court hereby:

- GRANTS Plaintiff Stacey Clover's Motion for Leave to File *in Forma Pauperis* (Doc. 3);

- DISMISSES Judge Amanda Gott and DIRECTS the Clerk of the Court to terminate Judge Amanda Gott from this case;

- DIRECTS the Clerk of the Court to send Plaintiffs a sufficient number of blank summon forms and USM-285 forms along with this order. Plaintiffs must provide appropriately completed USM-285 forms, summons, and sufficient copies of the complaint for service to the United States Marshal;

- DIRECTS the United States Marshal, upon receipt of the documents from Plaintiffs to serve a copy of the summons, amended complaint (Doc. 13), and this order upon defendants in a manner consistent with Federal Rule of Civil Procedure 4, as directed by Plaintiffs.

**IT IS SO ORDERED.**
**Dated: March 3, 2022**

/s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**